DeAnna Gooch
356 Jada Ln
Villa Rica, Georgia 30180
Tel: 626/898-3834

*In Pro Per*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 03 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## united states district court
## for the district of Georgia

DEANNA GOOCH

    Plaintiff,

V.

KAISER PERMAMENTE

    Defendant.

Case No: 1:26-CV-0608

CLAIM FOR DAMAGES

TRIAL BY JURY DEMANDED

Plaintiff DeAnna Gooch states the following for her Claim for damages against Defendant Kaiser Permanente of Georgia.

## INTRODUCTION

1. Plaintiff DeAnna Gooch submitted a religious accommodation request for exemption from Defendant's COVID-19 vaccine requirement and was terminated for not having "sincerely religious beliefs" on October 4, 2022 @ 2:47 P.M.

Despite the Equal Employment Opportunity Commission ("EEOC") telling employers to "ordinarily assume that an employee's request for religious accommodation is based on sincerely held religious belief, practice, or observance," Defendant did the opposite, failed to respect Plaintiff's religious beliefs, Defendant ignored Plaintiff submission in support of her request for religious exemption. Defendant ignored EEOC's warning that employers "should not assume that an employee is insincere simply because some of the employee's practices deviate from the commonly followed tenets of the employee's religion, or because the employee adheres to

1

CLAIM FOR DAMAGES

common practices but not others" and terminated Plaintiff based on Defendant's subjective standard of religiosity. All the while, Defendant did not require he customers, vendors, or independent contractors on its premises to be vaccinated.

## PARTIES

2. Plaintiff, DeAnna Gooch, lives in Villa Rica, Georgia.

3. Defendant, Kaiser Permanente is an American integrated managed care consortium with a principal place of business located at One Kaiser Plaza, Oakland, California 94612.

## JURISDICTION

4. Plaintiff's claim arise out of Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-5 and Equitable Relief under 42 U.S.C. section 2000e-5(g).

5. This Court has general federal question jurisdiction pursuant to 28 U.S.C. section 1331 and supplemental jurisdiction over state law claim.

6. This matter is not subject to arbitration.

7. Venue is proper under 28 U.S.C. section 1391 because this is the judicial district where a substantial part of the events giving rise to the claims occurred.

8. Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination alleging religious discrimination and retaliation on January 12. 2023.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff was given a remote employment position by Defendant on August 29, 2022 @12:55 PM, until her termination effective October 4, 2022 @ 2:47 PM

10. Plaintiff was employed by Defendant in the state of California for 9 years prior to this incident.

## Call Center Appointment Service Coordinator
## (REMOTE IN GEORGIA)

11. Job requirements: Utilize electronic medical records systems to access member information and schedule appointments. Respond to member question and concerns, acting as their advocate within the employer organization. Collect and enter data into automated systems, ensuring adherence to business practices and policies. Educate members on benefit coverage, patient financials, and proper use of Health Plan systems and facilities. Participate in special projects and proactively identify ways to improve customer service. Must be located within 75 miles of the Duluth, GA Contact Center. Maintain confidentiality of patient information in accordance with HIPPA regulations. Follow established polices and procedures for scheduling and transferring callers. Provide accurate documentation of all interactions with members. Coordinate with external specialists and follow-up visits as necessary. The requirement does not, nor did it mention anything about having to submit to COVID-19 vaccination.

## Plaintiff's Religious Accommodation Request

12. Plaintiff sought to make all decisions, especially those regarding vaccination and other medical decisions, through prayer.

13. Plaintiff submitted a religious exemption request for the COVID-19 vaccine on September 26, 2022 @ 1:44 PM.

14. Plaintiff was denied her accommodation on October 3, 2023 @ 9:17 AM.

15. Plaintiff maintained her sincerely held religious beliefs and did not take the vaccine.

16. Plaintiff was terminated on October 4, 2023 @ 2:47 PM.

17. The United States Equal Employment Opportunity Commission tells employers that a prototypical example of reasonable accommodation to the vaccine is being "given the

3
CLAIM FOR DAMAGES

opportunity to telework." U.S. EQUAL EMPL. OPPORTUNITY COMM'N, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May 28, 2021). "If the employer denies the employee's proposed accommodation, the employer should explain to the employee why the preferred accommodation is not being granted." *Id.* (Mar. 1, 2022).

18. Title VII's statutory definition of "religion" includes "all aspects of religious observance and practice, as well as belief." 42 U.S.C. section 2000e(j).

19. Plaintiff's testimony about her belief "must be given great weight" and is enough to demonstrate sincerity. *Seeger*, 380 U.S. at 184 (1965). Plaintiff remains unvaccinated after being terminated from a remote position.

### Defendant Did Not Base Its Decision on Undue Hardship Nor Could It Provide Evidence to Establish Hardship

20. Prohibition against religious discrimination imposes a "duty" on employers to accommodate the sincere religious observances of employees, absent a showing of "undue hardship." *Trans World Airlines, Inc v. Hardison*, 432 U.S. 63, 74 (1977).

21. Defendant does not satisfy its burden of proving undue hardship "merely by showing that an accommodation would be bothersome to administer." *Draper v United States Pipe & Foundry Co.*, 527 F.2d 515, 520 (6th Cir. 1975).

22. Defendant is not claiming undue hardship.

23. Defendant cannot allege undue hardship when other employees performing similar job duties were granted religious and medical accommodations to the vaccine.

### COUNT ONE
### Violation of Title VII, 42 U.S.C. section 2000e, et seq
### RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMODATE

4

CLAIM FOR DAMAGES

24. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

25. At all times relevant hereto, Plaintiff was an employee and Defendant was her employer for the purpose of 42 U.S.C. section 2000e, *et seq.*

26. Title VII of the Civil Rights act of 1964, 42 U.S.C. section 2000e, et seq., makes it unlawful for an employer to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee or prospective employee.

27. Title VII prohibits an employer from discriminating against an employee "because of such individual's… religion." 42 U.S.C. section 2000e-2(a)(1).

28. This "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that [it] is unable to reasonably accommodate an employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* Section 2000e(j).

29. After receiving an accommodation request, "the employer is obligated by law to engage in interactive process – a meaningful dialogue with the employee[.]" *Chevron Phillips Chem. Co.*, 570 F.3d at 621 (5th Cir. 2009).

30. The employer must act in "good faith," *Id.*, and the employee must "make a good faith attempt to satisfy his needs through means offered by the employer. See *Brener v. Diagnostic Ctr. Hosp.*, (5th Cir. 1982).

31. Title VII makes it unlawful for an employer to retaliate against an employee who engaged in protected activity.

32. Plaintiff holds sincere *bona fide* religious beliefs that preclude her from receiving a COVID-19 vaccine.

33. Plaintiff informed Defendant of those beliefs and requested religious accommodation from vaccine requirement.

34. Defendant refuse to engage in the interactive process with Plaintiff regarding her religious accommodation requests.

35. In accordance with Title VII, Plaintiff can establish a *prima fac*ie case of religious discrimination based on a failure to accommodate by showing:

(a) she has a bona fide religious belief that conflicts with an employment requirement;

(b) about which she informed the [Defendant]; and

(c) she suffered an adverse employment action for failing to comply with the conflicting employment requirement. *Ansonia Bd. Of Educ. V. Philbrook*, 479 U.S. 60, 69 (1986).

36. Multiple accommodations could have been offered to Plaintiff. They include mask wearing or working from home in the state of Georgia.

37. A "[r]easonable accommodation is by its terms most logically construed as that which presently, or in the immediate future, enables the employee to perform the essential functions of the job in question." *Myers v. Hose*, 50 F. 3d 278, 283 (4th Cir. 1995).

38. Defendant would not suffer undue hardship by granting Plaintiff an accommodation. 42 U.S.C. section 2000e(j).

39. The issue became moot when Defendant failed to engage each employee in "a meaningful dialogue" about the accommodation request and learn whether an acceptable accommodation would impose undue hardship. *Chevron Phillips Chem. Co.*, 570 F.3d at 621 (5th Cir. 2009).

40. In *Bultemeyer v. Fort Wayne Cmty. Schs.*, 100 F.3d 1281, 1285 (7th Cir. 1996) ("courts should look for signs of failure to participate in good faith or failure by one of the parties to help the other party determine what specific accommodations are necessary" and "[a] party that fails

6

CLAIM FOR DAMAGES

to communicate… may also be acting in bad faith").

41. Defendant failed to provide Plaintiff with reasonable accommodations for her religious beliefs.

42. Defendant thereby discriminated against Plaintiff because of her religious beliefs.

43. Defendant's failure to provide religious accommodations has harmed and will continue to harm Plaintiff.

44. As a direct and proximate result of Defendant's violation of Title VII Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will suffer in the future.

45. As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been denied employment and placed in financial distress and have suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will suffer in the future.

46. The failure of Defendant not engaging in the interactive process or offer any reasonable accommodation, was discriminatory, intentional and/or reckless and in direct violation of Title VII.

## COUNT TWO
### Violation of Title VII, 42 U.S.C. section 2000e, et seq
### DISPARATE TREATMENT DISCRIMINATION

47. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

48. "To assert a successful claim of religious discrimination . . . a plaintiff must either present a direct evidence of discrimination, or in the absence of direct evidence, present a prima facie case of indirect discrimination by showing (1) they were a member of a protected class, (2) they

7

experienced an adverse employment action (3) they were qualified for the position, and (4) they were replaced by a person outside of the protected class or were treated differently than similarly situated employees." *Tepper v. Potter*, 505 F .3d 508, 515 (6th Cir. 2007).

49. Plaintiff embraced religious beliefs and is therefore a member of a protected class.

50. Defendant directly discriminated against Plaintiff by terminating her after she stated her sincerely held religious beliefs that conflicted with Defendant's subjected standard of religiosity.

51. Defendant allowed other unvaccinated employees without Plaintiff's same religious beliefs to be exempted from Defendant's vaccine requirements.

52. Defendant terminated Plaintiff for failure to show proof of vaccination by 5 PM, the day after she was notified that her exemption request was DENIED.

53. It is undisputed that Plaintiff was qualified for the position.

54. Plaintiff was treated differently than similarly situated employees with different religious beliefs who were allowed to continue working despite not being vaccinated.

55. Plaintiff was terminated and replaced with a person of different religious beliefs.

56. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the denial of her requests and will so suffer in the future.

57. EEOC Guidance states that ("[t]he definition of 'religion' under Title VII protects both traditional and nontraditional religious beliefs . . . including those that may be unfamiliar to employers.")

58. The law on religious discrimination states that religious beliefs need not be "acceptable, logical, consistent or comprehensible to others" and the law "leaves little room for a party to challenge the religious nature of an employee's professed beliefs."). *E.E.O.C. v. Union*

8
CLAIM FOR DAMAGES

*Independiente de la Autoridad de Acueductos y Alcantarillados* de Puerto Rico, 279 F .3d 49, 56 (1st Cir. 2002).

59. Defendant defiled the law when it determined that some religious beliefs of its employees were valid and while others were bogus.

60. In discovery, Plaintiff will be able to investigate which types of religious beliefs Defendant found were acceptable and which types of religious beliefs Defendant discriminated against, thereby establishing evidence probative of discriminatory intent.

61. Plaintiff has suffered emotional and physical distress, mental physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of the termination and will so suffer in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request the following relief:

a. Compensatory damages for non-monetary loss;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Fees and costs: and

e. Such other relief as in law or equity may pertain.

## TRIAL BY JURY DEMANDED

Plaintiff hereby demand a trial by jury on all issues of facts and damages stated herein.

Dated: January 31, 2026
Villa Rica, Georgia

DeAnna Gooch

## PRESERVATION NOTICE

The term "you," or "yours" as used herein shall refer to you (the recipient of this claim), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, to those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors. From this point forward, you are directed to prevent "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any information set forth hereafter. If you cause any such alteration, destruction, or change, direct it, or allow it to occur, you may be charged with discovery rule violations for which sanctions may imposed. Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoliation.

**Electronically Stored information:**

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other change to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, Twitter Tumblr, LinkedIn, Snapchat, Google Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice messages, test messages, instant messages or messaging systems recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contract and relationship management data (e,g., Outlook), electronic spreadsheet files and file fragments, pertaining in in any way to this controversy of the parties or any potential witnesses. This includes a request that such information not be modified, altered, or deleted due to data compression or disk fragmentation (or other optimization procedures), which processes you are hereby directed to suspend until that data can be preserved copied and produced.

CLAIM FOR DAMAGES

You are directed not to modify alter or delete or allow modifications, alterations, or deletions to be made to any electronically stored information. You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

**Paper Information:**

Regarding the paper information, you are directed to preserve any emails, videos, tests, memos, reports, documents, notes, correspondence, photographs investigative information or other documents about the controversy, parties, or witnesses. I expect to obtain several documents and other data from you through discovery, including text messages emails, photographs, and other information stored on computers, electronic devices and telephones.

Although I may bring a motion with a court for order-preserving documents and other data from destruction or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion. Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings annotations highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

CLAIM FOR DAMAGES

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter. This may include but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Concerning electronic data created after this Complaint's deliver date, relevant evidence should not be destroyed. You must take the steps necessary to avoid the destruction of such evidence.

Dated: January 31, 2026
Villa Rica, Georgia                    DeAnna Gooch

## DEMAND FOR INSURANCE COVERAGE

Defendant is demanded to provide a complete copy of their applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Claim.

Dated: January 31, 2026
Villa Rica, Georgia.                    DeAnna Gooch